

**Your Missouri Courts**

Ex. 1

Search for Cases by: Select

Judicial Links | eFiling | Help | Contact Us | Print    GrantedPublicAccess Logoff MSK_FRBDSK

**20SL-CC05330 - RENEE EMBREE ET AL V J&M SECURITIES, LLC (E-CASE)**

| Case FV | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending ○ Ascending

Display Options: All Entries

---

**11/05/2020** ☐ **Summons Personally Served**
Document ID - 20-SMCC-9877; Served To - J&M SECURITIES, LLC; Server - ; Served Date - 28-OCT-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

**11/03/2020** ☐ **Notice of Service**
Return of Service.
    **Filed By:** RICHARD ANTHONY VOYTAS Jr.
    **On Behalf Of:** RENEE EMBREE, ARTHUR EMBREE

☐ **Notice of Service**
Return of Service.
    **Filed By:** RICHARD ANTHONY VOYTAS Jr.

**10/28/2020** ☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-9877, for J&M SECURITIES, LLC. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**10/22/2020** ☐ **Filing Info Sheet eFiling**
    **Filed By:** RICHARD ANTHONY VOYTAS Jr.

☐ **Motion Special Process Server**
Request for Appointment of Process Server.
    **Filed By:** RICHARD ANTHONY VOYTAS Jr.
    **On Behalf Of:** RENEE EMBREE, ARTHUR EMBREE

☐ **Pet Filed in Circuit Ct**
Petition.

☐ **Judge Assigned**
DIV 17

---

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| ARTHUR and RENEE EMBREE ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Cause No |
| v. ) | |
| ) | Division |
| J & M SECURITIES, LLC ) | |
| ) | |
| Serve at: ) | |
| Attorney Jay R. Burns ) | |
| 130 So. Bemiston, Suite 300 ) | |
| Clayton, MO 63105 ) | |
| ) | |
| Or Serve: ) | |
| Shannon L. Metzger, Member ) | |
| 1706 Mason Knoll Rd. ) | |
| St. Louis, MO 63131 ) | |
| ) | |
| Defendant. ) | **JURY TRIAL DEMANDED** |

## PETITION

COMES NOW Plaintiffs Arthur and Renee Embree ("Plaintiffs") and states as follows:

### INTRODUCTION

1. This is an action for actual damages and attorneys' fees brought by an individual consumer for violations of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010 et seq. ("MMPA"), which prohibits deceptive and unfair practices in connection with the sale of consumer goods and services.

2. This is also an action for abuse of process, wrongful garnishment, and punitive damages against defendant J & M Securities, LLC ("Defendant").

1

3. This is also an action against Defendant for violations of the Fair Debt Collection Practice Act 15 U.S.C. § 1692a *st seq*.

4. Plaintiffs demand a trial by jury on all issues so triable.

## JURISDICTION

5. Jurisdiction and venue are proper in St. Louis County, Missouri because Plaintiffs are Missouri residents and Defendant is a Missouri LLC who does business exclusively out of its office in St. Louis County, Missouri. In this particular case, all of the illicit monies taken from Plaintiffs were received by Defendant at its St. Louis County, Missouri office and all of the false and fraudulent documents Defendant used to take these monies were created by Defendant at its office in St. Louis County, Missouri.

## PARTIES

6. Plaintiffs are natural persons currently residing in Missouri. Plaintiffs are a married couple. Plaintiffs are each a "consumer" within the meaning of the MMPA.

7. The alleged debt Plaintiffs owe arises out of consumer, family, and household transactions. Specifically, the debt arose from a residential lease that Plaintiff entered into with Joseph McKee ("McKee").

8. McKee was engaged in leasing real estate. Real estate is "merchandise" as defined by the MMPA. Mo. Rev. Stat. § 407.010.

9. McKee assigned its judgement against Plaintiffs for unpaid rent to Defendant as set forth more fully below

10. Defendant is a domestic limited liability company with its principal place of

business in St. Louis, County Missouri.

## FACTS

11. In 2015, Plaintiffs and McKee entered into a residential lease, whereby McKee agreed to allow Plaintiffs to occupy its property, and Plaintiffs agreed to pay McKee monthly rents.

12. On August 5, 2015, McKee sued Plaintiffs for the balance on the alleged lease in addition to interest and court costs in Missouri state court, Case No. 15JE-AC03616.

13. On September 22, 2015, McKee obtained a default judgment against Plaintiffs in the amount of $2,095.00

14. The judgment awarded 9% postjudgment interest to McKee.

15. On February 8, 2016, McKee allegedly assigned the judgement to Defendant.

16. On April 20, 2018, Defendant filed a garnishment application listing accrued post-judgment costs totaling $86.

17. On October 5, 2018, Defendant filed a garnishment application that falsely inflated the accrued post-judgment costs as of April 20, 2018 to $132, not the $86 in costs that had actually accrued.

18. As a result, Defendants would thereafter garnish $46 in costs from Plaintiffs that Plaintiffs did not owe.

19. On March 4, 2020, Defendants provided Plaintiffs with a collection communication showing that Plaintiffs still owed a balance totaling $614.29. This amount was not due and owing, and was inflated by at least the $46 in costs referenced above.

3

20. On September 3, 2020, Defendants provided Plaintiffs with a collection communication showing that Plaintiffs still owed a balance totaling $85.03. This amount was not due and owing, and was inflated by at least the $46 in costs referenced above.

21. On September 17, 2020, Defendants filed a satisfaction of judgment and copied Plaintiffs on the same.

22. Notwithstanding this fact, Defendants continued to garnish Plaintiffs' wages for more than a month after filing the satisfaction of judgment. As of the date of this filing, the garnishment has not stopped. To date, Plaintiffs have been garnished for more than $150 after Defendants filed the satisfaction of judgment.

23. Defendants made it impossible for Plaintiffs to challenge this illicit garnishment because Defendants have caused Plaintiffs' phone numbers to be blocked at Defendants' business. Defendants are literally preventing Plaintiffs from making telephone contact with Defendants to stop the illegal garnishments.

24. As a result of Defendant's conduct, Plaintiffs felt harassed, oppressed and frustrated. Plaintiffs were forced to hire counsel and make other expenditures of time and money as a result of Defendant's malicious, wrongful garnishment.

25. Defendant's above-described conduct has caused Plaintiffs to incur actual damages including, but not limited to: the loss of her funds, attorneys' fees paid to counsel, anxiety, frustration, and worry.

26. Plaintiff's injuries in fact are likely to be redressed by a favorable decision in this Court.

4

## COUNT I - FDCPA

27. Plaintiffs re-allege and incorporate by reference all of the above paragraphs.

28. In its attempts to collect the alleged debt from Plaintiffs, Defendant committed a violation of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, the following:

    a. Collecting amounts from Plaintiffs that were not authorized by any agreement creating the debt or permitted by law. 15 U.S.C. § 1962f;

    b. Unfair and deceptive conduct to collect or attempt to collect the debt from Plaintiffs, including but not limited to blocking Plaintiffs' phones and refusing to discuss the over garnishment with Plaintiffs, by collecting costs from Plaintiffs that Defendants did not actually incur, by furnishing false statements to Plaintiffs about the amount of the debt remaining, and by continuing to garnish Plaintiffs for more than a month after filing a satisfaction of judgment. 15 U.S.C. § 1962f;

    c. Using false statements and misleading representations in connection with collection of the alleged debt. 15 U.S.C. § 1962e;

    d. Collection of a debt by violating applicable laws relating to enforcement of judgments in Missouri. 15 U.S.C. § 1962f; and

    e. Engaging in conduct in the collection of the alleged debt that abused Plaintiffs and applicable law pertaining to the collection of judgments. 15 U.S.C. § 1962d.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered against Defendant for:

A. Judgment that Defendant's conduct violated the FDCPA;

B. Actual damages in an amount to be determined by the jury;

C. Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

D. For such other relief as the Court may deem just and proper.

## COUNT II - VIOLATION OF MMPA

29. Plaintiffs re-allege and incorporate by reference all of the above paragraphs.

30. The MMPA broadly prohibits any false, fraudulent, or deceptive practice in connection with the "sale" of "merchandise."

31. Plaintiffs are each a "person," within the meaning of the MMPA, Section 407.010(5).

32. Defendant is a "person," within the meaning of the MMPA, Section 407.010(5).

33. Plaintiffs' agreement with Pontoon for the provision of a residential lease is a "sale" as defined by § 407.010(6) and 407.020.

34. The sale of the residential lease was primarily for personal, family, or household purposes.

35. The transaction between McKee and Plaintiffs created a relationship that applied to the performance of duties related to the sale, including the collection of any alleged unpaid amounts arising out of the sale.

36. McKee's assignment to Defendant created a relationship that applied to the performance of duties related to the sale, including the collection of any alleged unpaid amounts

arising out of the sale between Plaintiffs and Defendant.

37. McKee sold Plaintiffs a residential lease and then Defendant overcharged Plaintiffs for the amounts due thereunder.

38. In an attempt to obtain payment on the alleged sale, Defendant used deception, false pretenses, false promises, misrepresentation, factual omissions, and unfair business practices in this regard.

39. Defendant's misrepresentations and/or unfair business practices occurred in connection with the enforcement of the sale of a residential lease to Plaintiffs.

40. Defendant's misrepresentations and/or unfair business conduct caused Plaintiffs an ascertainable loss of money.

41. Defendant's misrepresentation and/or concealment occurred in connection with its sale of a residential lease to Plaintiffs and also in connection with its attempts to collect money allegedly due and owing as a result of that sale.

42. At all times, Plaintiffs acted reasonably because they relied upon Defendants' duty to submit accurate amounts about the balance due to the Circuit Court and because they actively tried to intervene in the over garnishment process by calling Defendant, only to have Defendant block those calls.

43. Plaintiffs' damages are easily calculated and ascertainable as soon as Defendant stops taking Plaintiffs' money post-satisfaction.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered against Defendant for:

A. Actual damages in an amount to be determined by the jury;

B. Punitive damages in an amount to be determined by the Court as per the applicable statute;

C. Reasonable attorney's fees pursuant to Mo. Rev. Stat. § 407.025(2)(2);

D. Equitable relief wherein Defendant is forced to stop taking Plaintiffs' money post-satisfaction of judgment pursuant to Mo. Rev. Stat. § 407.025(2)(3); and

E. For such other and further relief as the Court may deem just and proper.

## COUNT III: WRONGFUL GARNISHMENT

44. Plaintiffs re-allege and incorporate by reference all of the above paragraphs.

45. Defendant has abused and/or misused Missouri Rule 90 and/or Chapter 525 R.S.Mo. pertaining to garnishments.

46. Defendant intentionally caused a garnishment to be served upon Plaintiffs that sought an amount that Defendant knew Plaintiffs did not owe, namely falsely inflated judgment and post-judgment cost amounts, and continued to use the garnishment to take money from Plaintiffs after the judgment was satisfied.

47. Defendant's unauthorized garnishment has resulted in Plaintiffs' wages being seized.

48. Plaintiffs' wages are their property.

49. Defendant intended to cause injury to Plaintiffs, namely, garnishing their funds and applying those funds to pay amounts they did not owe.

50. Defendant had no justification or authority for garnishing any amount of costs in

excess of the true costs as provided by law but nonetheless inflated the cost amount and garnished the same from Plaintiffs.

51. Likewise, Defendant had no justification for garnishing any amounts from Plaintiffs after Defendant filed the satisfaction of judgment but nonetheless did so.

52. Defendant's conduct was thus knowing, willful, and intentional justifying the imposition of punitive damages.

53. Defendant's conduct caused Plaintiffs to sustain damages, including, but not limited to: monetary loss, the loss of use of their funds, embarrassment, stress, and anxiety.

WHEREFORE, Plaintiffs respectfully requests that the Court enter judgment against Defendant for:

    A.    Actual damages in an amount to be determined at trial;

    B.    Punitive damages in the largest amount allowable by law; and

    C.    For such other and further relief as the Court deems proper.

## COUNT IV: ABUSE OF PROCESS

54. Plaintiffs re-allege and incorporate by reference all of the above paragraphs.

55. Defendant made a(n) illegal, improper, and perverted use of process by filing a garnishment application containing materially false and inflated amounts for judgment, costs and by continuing to garnish Plaintiffs' wages after the judgment was satisfied.

56. Defendant had an improper purpose in filing the false garnishment applications and in maintaining the garnishment after the judgment was satisfied, namely, to harass and oppress Plaintiffs "for the sport of it" and take excess monies from Plaintiffs.

57. Defendant could not legally garnish the amounts it took from Plaintiffs because those amounts were not permitted by law.

58. Defendant's abusive ends in filing the false garnishment applications are not authorized by that process.

59. Defendant's abuse of process has caused Plaintiffs to suffer actual monetary loss, damaged credit, expenditure of attorneys' fees, humiliation, embarrassment, and oppression.

60. Defendant's actions were wanton, willful, and made in deliberate disregard of Plaintiffs' rights.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Defendant for:

A. Actual damages in an amount to be determined at trial;

B. Punitive damages in the largest amount allowable by law; and

C. For such other and further relief as the Court deems proper.

**ROSS & VOYTAS, LLC**

By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr., #52046
rick@rossvoytas.com
12444 Powerscourt Drive, Ste 370
St. Louis, MO 63131
Phone: (314) 394-0605
Fax:    (636) 333-1212
*Attorney for Plaintiff*